NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

―――――――――――――――

**IN RE SHERMAN HOWARD,**
*Petitioner.*

―――――――――――――――

2013-165

―――――――――――――――

On Petition for Writ of Mandamus to the Merit Systems Protection Board in No. DA0752090172-C-1.

―――――――――――――――

**ON PETITION**

―――――――――――――――

Before NEWMAN, PROST and REYNA, *Circuit Judges.*

REYNA, *Circuit Judge.*

## O R D E R

Sherman Howard ("Howard") petitions for a writ of mandamus directing the Merit Systems Protection Board ("MSPB") to issue a final decision in his case. Howard also seeks attorney fees and costs associated with filing this petition pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The MSPB opposes.

In late 2008, Howard was removed from his auditor position at the Department of the Air Force based in part

on allegedly poor performance that was not mentioned in the agency's proposed notice of removal. At the time of his removal, Howard had been working four hours a day due to medical restrictions. After this court remanded the case in 2010, the MSPB on April 26, 2012 held that the Air Force's reliance on ex parte information violated Howard's due process rights. Accordingly, the MSPB ordered the Air Force to reinstate Howard and award him back pay, interest, and other benefits due.

Following the MPSB's reinstatement decision, the Air Force cancelled Howard's removal, and returned him to a four-hour pay status. Soon thereafter, Howard was placed on administrative leave with pay based on charges of misconduct. Howard was subsequently removed from his position.

In July 2012, Howard filed a petition to enforce the reinstatement order arguing, inter alia, that the Air Force had improperly offset his back pay award, failed to pay the proper amount of interest, improperly offset income received while removed, failed to restore hours of annual leave, and failed to pay performance and cash awards. Howard additionally asserted that upon being restored to his position until June 26, 2012 the agency constructively suspended him by not affording eight hour pay status.

On March 29, 2013, the MSPB's chief administrative judge granted-in-part Howard's petition for enforcement, and dismissed his constructive suspension action. As to Howard's petition for enforcement, the chief administrative judge noted that the Air Force acknowledged certain matters of noncompliance, but subsequently corrected those mistakes by, among other things, paying Howard $9,991.91 in interest, $2,017.74 in a lump sum leave offset, $4,831.85 in earnings, and $35.67 in performance award interest. While the agency was found to otherwise

be in material compliance with the MSPB's prior order, the chief administrative judge required the Air Force to re-compute the interest on the back pay award, resulting in Howard receiving an additional payment of $546.55.

The chief administrative judge further determined that Howard had failed to make a non-frivolous allegation regarding his constructive suspension claim. The chief administrative judge explained that Howard was on medical restrictions at the time of his removal and had not requested to return to full-time status. The judge further noted that the Air Force increased Howard's pay status to a full eight hours after being informed that the medical restrictions had been lifted. The chief administrative judge therefore dismissed the constructive suspension claim for lack of jurisdiction.

Howard filed a petition for review of the administrative judge's decision on May 2, 2013, which remains pending before the MPSB. On September 13, 2013, Howard filed this petition for a writ of mandamus, seeking to compel the Board to expedite review of his pending case. To prevail, Howard must show: (1) he has a clear legal right to relief; (2) there are no adequate alternative legal channels through which he may obtain that relief; and (3) the grant of mandamus is appropriate under the circumstances. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004); *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 403 (1976).

This exacting standard is not satisfied here. While a large amount of time has passed since the filing of Howard's initial wrongful removal action, it cannot be said that this matter is at a standstill, as decisions favorable to Howard have been issued, he has received relief requested, and his case before the MSPB is proceeding toward a final outcome. Moreover, only a few months had

elapsed since the record closed in the current proceedings before the MSPB.  As such, we are not prepared to say that there has been the egregious delay here necessary to warrant mandamus relief.  *See In re Monroe Commc'ns Corp.*, 840 F.2d 942, 945 (D.C. Cir. 1988).

We do, however, note that the long delay in reaching a final outcome in this case might tip the balance in favor of mandamus relief upon reapplication in the future.  We assume, however, that the MSPB will soon address this matter.

Accordingly,

IT IS ORDERED THAT:

(1)  The petition for writ of mandamus is denied.

(2)  The request for attorney fees and costs incurred in association with this petition is denied.

FOR THE COURT

 /s/  Daniel E. O'Toole
       Daniel E. O'Toole
       Clerk

s23